# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| BARNETT BROOKS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:10-CV-490-PRC |
| | ) | |
| MENARD, INC., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 57], filed on May 1, 2013; Defendant Menard, Inc's [sic], Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment [DE72], filed on July 11, 2013; and Defendant Menard, Inc.'s, Motion for Summary Ruling [DE 77], filed on July 31, 2013.

Before addressing the merits of this case, the Court turns first to Attorney John Davis's representation of Brooks in this case. As discussed below, Brooks's case is weak, equally weak are Davis's filings. The response brief is two pages in length. The "Statement of Material Facts Indispute [sic]" lists no facts. Nearly every sentence has at least one spelling or grammatical error. Many sentences are incoherent. The brief wrongly cites rules and does not even cite a single case. Nor did Davis respond to Menard's Motion to Strike or Motion for Summary Ruling.[1]

## I. Procedural Background

This is a case about an alleged slip and fall at a Menards store in Merillville, Indiana. Brooks filed his Complaint on November 1, 2010, in the Lake County, Indiana, Superior Court alleging

---

[1] This isn't the first time. *See, e.g., Kennedy v. Schneider Elec.*, 2:12-CV-122-JD-PRC, 2012 WL 7204543 (N.D. Ind. Nov. 16, 2012), *report and recommendation adopted*, 2:12-CV-122-JD, 2012 WL 6150828 (N.D. Ind. Dec. 11, 2012) ("Plaintiff's response and his brief in support are woefully inadequate. Both are riddled with typographical, spelling, grammatical, and legal errors. In addition, the brief does not include page numbers, is not double spaced, and uses 11 point Calibri font; pursuant to Northern District of Indiana Local Rule 5-4, submitted briefs must use at least 12 point font, be double spaced, and have consecutively numbered pages.").

negligence. Menard removed this court case to the U.S. District Court for Northern District of Indiana on December 14, 2010.

Defendant Menard moved for summary judgment on May 1, 2013. The matter became fully briefed on July 11, 2013. Menard moved to strike Brooks's response on July 11, 2013. Brooks did not file a reply, and the time to do so has passed. Menard also filed a Motion for Summary Ruling on July 31, 2013. Brooks did not file any response to this, and the time to do so has passed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. This Court thus has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Motion to Strike

As a threshold matter, Menard asks the Court to strike both Brooks's response and his affidavit. The Court considers each argument in turn.

### 1. Failure to Comply with Local Rules 5-4 and 56-1

Menard argues that Brooks's entire response should be struck for not following the Local Rules of this District. Northern District of Indiana Local Rule 5-4 provides that pleadings, motions, briefs, affidavits, notices, and proposed orders must be, among other things, double spaced (except for headings, footnotes, and quoted material) and must include the filer's name, address, phone number, fax number (if they have one), and email address (where available). Brooks's response does not include contact information, but the attached brief does. This is enough to satisfy Local Rule 5-4. Regarding the spacing, however, both filings are single spaced and thus violate Local Rule 5-4's requirements.

Menard also argues that Brooks's response fails to include a "Statement of Genuine

Disputes." Local Rule 56-1(b)(2) requires a Statement of Genuine Disputes that identifies the material facts that the party contends are genuinely disputed. Brooks's "Statement of Material Facts Indispute [sic]" does not identify any facts. It is instead an admixture of legal argument and an indecipherable word jumble.

Brooks's response also includes argument about the admissibility of evidence relied on by Menard. Menard urges these portions of the response be struck for failure to comply with Local Rule 56-1(e), which requires disputes about admissibility to be filed in a separate motion. The portions of the response discussing admissibility thus violate the rule.

Taken together, these errors are serious. The Court may insist on strict compliance, even to the point of granting summary judgment. *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (citing *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994). But Brook's counsel's failures should not keep his client from getting a decision on the merits. *See Stevo*, 662 F.3d at 887 ("Local rules, like the Federal Rules of Civil Procedure that they supplement, should be construed to provide for the 'just, speedy, and inexpensive determination of every action' on its merits." (quoting Fed. R. Civ. P. 1)). The Court accordingly denies Plaintiff's motion to strike the entire brief.

*2. Brooks's Deposition and Affidavit*

Menard asks the Court to strike all evidence contending that Brooks was at the Menards store starting at around 9:00 a.m. because this contradicts Brooks's initial answer to Menard's Interrogatory. For the reasons set forth below, the Court denies this request as moot.

**III. Summary Judgment Standard**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be

granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56 (c)). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient

evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110–11 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*,

477 U.S. at 249–50.

## IV. Material Facts

Brooks slipped and fell on something (he doesn't know what) while visiting the Menards store in Merrillville, Indiana, sometime on June 12, 2010.

## V. Analysis

To recover, a plaintiff in a negligence case must prove that the defendant had some duty to him, that the defendant violated that duty, and that the violation caused the injury. *See, e.g.*, *Hale v. SS Liquors, Inc.*, 956 N.E.2d 1189, 1192 (Ind. Ct. App. 2011). Menard contends that there is no evidence that it violated its duty of reasonable care to Brooks or that anything Menard was responsible for caused Brooks's injury. Brooks makes no allegations about what he slipped on, but urges the Court to apply the doctrine of *res ipsa loquitur*: that the accident itself implies negligence. Under Indiana law, however, "negligence cannot be inferred from the mere fact of an accident, absent special circumstances." *Hale v. Cmty. Hosp. of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991) (citing *Ogden Estate v. Decatur Cnty. Hosp.*, 509 N.E.2d 901, 902 (Ind. Ct. App. 1987)); *see also Hale*, 956 N.E.2d at 1194 (quoting *Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010, 1012 (Ind. Ct. App. 1993)). Brooks does not point to any special circumstance; he merely claims that he fell. Since this falls short of the requirements of Indiana law, the Court grants summary judgment in favor of Menard.

## VI. Conclusion

The Court accordingly **DENIES in part and DENIES in part as moot** Defendant Menard Inc.'s [sic] Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment [DE 72]; **GRANTS** Defendant's Motion for Summary Judgment [DE 57]; and **DENIES as moot**

Defendant Menard, Inc.'s, Motion for Summary Ruling [DE 77]. The Court **DIRECTS** the Clerk

of Court to enter judgment against Plaintiff and in favor of Defendant Menard, Inc.

SO ORDERED this 16th day of December, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record